Burton S. Sherman J.
In this nonjury action for work, labor and services and to foreclose a mechanic’s lien, the plaintiff a contractor sues a landlord owner and a tenant to recover damages for painting defendant tenant’s apartment. The services were performed pursuant to contract between plaintiff and the tenant. The court finds that the reasonable value of the services performed are the same as the contract price plus extras. The tenant has defaulted and judgment shall be entered against her in the sum of $1,062.40 with interest from April 1, 1975. The remaining issue is whether the defendant landlord is liable for the afore-mentioned sum.
Section 3 of the Lien Law provides for a mechanic’s lien upon real property where there has been an improvement "with the consent or at the request of the owner”. In this case, the landlord by written lease granted the tenant a $500 rent concession for decorating work to her apartment. "This concession will be applied to the first month after tenant has submitted bills as to proof of payment of at least $500 for work completed.” The plaintiff contends that this constituted a consent by the owner and satisfied the requirements of section 3 of the Lien Law. The next paragraph of the lease provides "the tenant states that he [sic] has examined the demised premises and agrees to take possession of same 'As *290 Is’, and the landlord shall not be required or obligated to do any repair work, painting or decorating or render any services of any nature whatsoever.” The defendant claims that this paragraph refutes any claim of actual or implied consent or at best, it limits consent for work to be done. Therefore, its liability at best is limited to $500, the extent of the concession for decorating fees.
The consent by an owner provided for in section 3 of the Lien Law may be actual or implied. (National Wall Paper Co. v Sire, 163 NY 122.)* By granting the tenant the right to decorate the apartment, the landlord expressly consented to the painting. And, of course, this improved to some extent the condition of the property. Nor can it be said that the "As Is” paragraph in the lease, nor the agreement that the landlord would not be required to paint, change the result. A landlord cannot by private agreement with a tenant limit the rights of a lienor who has improved the condition of property. For the very purpose of the Lien Law is to protect persons who have improved the value of real property. (See cases cited 37 NY Jur, Mechanics Liens, § 2, p 119.)
The remaining question is whether the consent was qualified and thus limited the extent of the lien to $500 as the landlord contends. The fact that the lease provided a $500 concession for the decorating work does not qualify the consent or limit the lien. Painting is usually done by a landlord and in this case the concession was obviously an inducement to the tenant to enter into the lease. But it did not limit the authorization for decorating work. Moreover, painting can be reasonably construed to be within the contemplation of the landlord when he authorized the tenant to decorate the apartment. (Cf. McNulty Bros. v Offerman, 152 App Div 181.)
In Steeves v Sinclair (56 App Div 448), it was held that a landlord who had loaned money to a tenant to improve landlord’s property, could not limit its liability to the amount of the loan in an action on a mechanic’s lien. The court stated at page 453 "The lease in the present case limits the sum *291 which was to be advanced for the purpose of erecting the buildings. It in nowise assumes to limit the sum to be expended to that amount * * * it alone was not sufficient to limit the liability of the owner, or overcome the presumption which the statute raises that the owner consented.” The same reasoning applies here. The plaintiff shall have judgment against the defendant landlord in the sum of $1,062.40 with interest from April 1, 1975.

 A multitude of guidelines have evolved to assist the court in making the determination of consent. (See cases cited 37 NY Jur, Mechanics Liens, § 43, p 164.) Generally speaking, actual consent for the particular work done is essential to charge an owner for repairs made by a tenant. (Tinsley v Smith, 115 App Div 708, affd 194 NY 581.) However, the exceptions are so numerous that any determination must be made on a case-by-case basis. (Osborne v McGowan, 1 AD2d 924; Gates & Co. v National Fair & Exposition Assn., 225 NY 142.)