CAMPBELL, Judge.
Hardee County Plumbing Co. appeals from the trial court’s ruling that its claim of lien did not attach to W.D.M. Corp.’s fee interest in certain property. Appellant had perfected the lien against the property, a restaurant leased by the Tillises from W.D.M. Corp., after the Tillises refused to pay for repairs made to the restaurant by Hardee County Plumbing. The trial court based its decision on section 713.10, Florida Statutes (1979). Section 713.10 provides that mechanics’ liens may be extended to the property interest of a lessor when the lessee makes improvements to the property pursuant to an agreement with the lessor.
The written lease involved in this case is a very short, handwritten document that is silent as to improvements except those involving normal maintenance on the premises. Appellant introduced parol evidence at trial in an attempt to establish an agreement between the lessees and lessor such as is contemplated by section 713.10.
After hearing the evidence, the trial judge determined as a matter of fact that the agreement between the lessees and lessor “was not in the nature of the agreement contemplated by § 713.10, Florida Statutes.” Edward L. Nezelek, Inc. v. Food Fair Properties Agency, Inc., 309 So.2d 219 (Fla. 3d DCA 1975), holds that to come within the terms of the statute the improvements must be “the pith of the lease” or the lease by its terms must require the work to be done. We cannot hold here that the trial judge abused his discretion in finding that the facts before him failed to meet that requirement.
After carefully examining the record, we have concluded that the trial judge should be affirmed; however, our obligation as a reviewing court was not eased by the failure of the appellee W.D.M. Corp. to appear in this proceeding to support the trial judge’s judgment.
*358 The final judgment appealed from is hereby affirmed.
BOARDMAN, Acting C. J., and DAN-AHY, J., concur.