338 S.E.2d 175

**Fred J. MORAN**

v.

**James REED.**

No. 16460.

Supreme Court of Appeals of
West Virginia.

Dec. 11, 1985.

LaVerne Sweeney & Associate, Grafton, for appellant.

Howard Ferris, Grafton, for appellee.

NEELY, Justice.

On 2 May 1982 James Reed stole Fred Moran's twelve foot Sears V-boat. This unlawful act has been the father of two legal proceedings. In the first, a criminal prosecution against Mr. Reed, the Circuit Court of Taylor County found Mr. Reed guilty of a felony and awarded Mr. Moran $270.00 for compensatory and punitive damages under *W.Va.Code* 61–11A–4 [1984] (otherwise known as the "Victim Protection Act of 1984").[1] Subsequently,

---

1. The statute states in pertinent part:

61–11A–4. Restitution; when ordered.

(a) The court, when sentencing a defendant convicted of a felony or misdemeanor causing physical, psychological or economic injury or loss to a victim, shall order, *in addition to or in lieu of any other penalty authorized by law, that the defendant make restitution to any victim* of the offense, unless the court finds restitution to be wholly or partially impractical as set forth in this article. If the court does not order restitution, or orders only partial restitution, under this section, the court shall state on the record the reasons therefor.

(b) The order shall require that such defendant:

(1) In the case of an offense resulting in damage to, loss of, or destruction of property of a victim of the offense

(A) Return the property to the owner of the property or someone designated by the owner; or

(B) *If return of the property under subparagraph (A) is impossible, impractical or inadequate, pay an amount equal to the greater of: (i) The value of the property on the date of sentencing, or (ii) The value of the property on the date of the damage, loss or destruction less the value (as of the date the property is returned) of any part of the property that is returned;*

....

(e) *The court shall not impose restitution with respect to a loss for which the victim has*

Mr. Moran brought a civil suit seeking additional compensatory and punitive damages. The Circuit Court of Taylor County dismissed Mr. Moran's complaint under *W.Va.R.Civ.P.* 12(b)(6) on the grounds that the restitution it had granted in its disposition of the criminal case foreclosed Mr. Moran's recovering additional restitution in a civil action. Mr. Moran appeals.

## I

■ We should note initially that the Victim Protection Act *W.Va.Code* 61–11A–1 to 61–11A–7 [1984], differs from the West Virginia Crime Victims Compensation Act, *W.Va.Code* 14–2A–1 to 14–2A–28 [1985], in that the former allows a sentencing court to order a defendant convicted of a misdemeanor or felony to make restitution to the victim. The latter requires a victim to file a claim for an award of compensation with the West Virginia Court of Claims. *W.Va.Code* 14–2A–13 to 14–2A–15 [1985]. Any court of claims award is paid out of the "Crime Victims Compensation Fund." *W.Va.Code* 14–2A–4 [1985]. In this case, we interpret only the provisions the Victim Protection Act. The Victims Compensation Act has specific rules relating to the subrogation of the claimant's rights and thus presents problems different from the problems presented by the case before us.

## II

■ The trial court's holding is bottomed on the theory that Mr. Moran is either collaterally estopped from relitigating the issue of damages in his civil suit, or, alternatively, that the cause of action in the civil suit is the same as in the criminal action, so that the issue of damages is *res judicata* and cannot be relitigated in the civil suit. Collateral estoppel is designed to

foreclose relitigation of issues in a second suit that have been litigated in an earlier suit even though the first and second suits may involve different causes of action. *Conley v. Spillers*, 171 W.Va. 584, 301 S.E.2d 216, 220 (1983). Alternatively, *res judicata* not only bars the parties to a lawsuit from relitigating issues that a court has actually determined, but also bars the parties from relitigating every other matter that the parties might have litigated as incident thereto. It is not essential that the matter should have been formally put in issue in a former suit, rather it is sufficient that the *status* of the suit was such that the parties might have had the matter disposed of on its merits. *Conley v. Spillers*, 171 W.Va. 584, 587–588, 301 S.E.2d 216, 219 (1983).

■ Neither of these doctrines forecloses Mr. Moran from bringing his civil suit. There are significant differences between the criminal prosecution and Mr. Moran's civil action. In the criminal prosecution the State of West Virginia prosecuted the case which centered on Mr. Reed's guilt or innocence. The prosecutor was interested in establishing a pattern of facts and advancing theories that would show Mr. Reed's culpability under the criminal laws. Once Mr. Reed's guilt was established, the court imposed sanctions.

In the civil suit, however, Mr. Moran must establish a pattern of facts and advance theories that will show that Mr. Reed has damaged him and that he is entitled to a recovery under the civil law. More specifically, Mr. Moran must show that he suffered damages and hardship that were not recompensed under the Victim Protection Act of 1984. Although the State of West Virginia may have already shown many of the facts and advanced many of the theories that Mr. Moran seeks to estab-

---

*received or is to receive compensation, except that the court may, in the interest of justice, order restitution to any person who has compensated the victim for such loss to the extent that such person paid the compensation.* An order of restitution shall require that all restitution to victims under such order be made before any restitution to any other person under such order is made.

. . . .

(h) An order of restitution may be enforced by the State or a victim named in the order to receive the restitution in the same manner as a judgment in a civil action. (1984, c. 57) [Emphasis supplied by the Court].

lish, the issues in the civil and criminal cases were not identical, nor could they have been. Accordingly, to bar Mr. Moran's suit on the basis of collateral estoppel is inappropriate because Mr. Moran has never had a chance fully to litigate the issue of what his damages were.

By the same token, *res judicata* is inappropriate because in the criminal action the parties were Mr. Reed and the State of West Virginia. In this civil suit the parties are Mr. Reed and Mr. Moran. For the purpose of civil recovery the State of West Virginia did not act as Mr. Moran's privy when prosecuting the criminal action. *Res judicata* applies only to the parties to the original suit and their privies. *Conley v. Spillers*, 171 W.Va. 584, 589, 301 S.E.2d 216, 220 (1983); *citing Parkland Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979) (outlining distinction between *res judicata* and collateral estoppel), *limited on other grounds, U.S. v. Mendoza*, 464 U.S. 154, 158, 104 S.Ct. 568, 571, 78 L.Ed.2d 379 (1984) (the use of nonmutual offensive collateral estoppel is limited to private litigants and does not apply against the government). The State's criminal action against Mr. Reed does not foreclose Mr. Moran's civil action against Mr. Reed.

The Victim Protection Act's broad and remedial nature supports our holding. This act was designed to aid victims through the hardships they face after having been despoiled by a crime. It was not intended to supplant civil causes of action, but rather to supplement them under the correct assumption that, given the impecunious circumstances of most crime perpetrators, ordinary civil remedies would be unavailing. Although we are not sure whether Mr. Moran is in fact entitled to any additional payments or restitution, he is certainly entitled to bring a civil suit in which the measure of damages is determined under our general law governing the perpetration of intentional torts. During his civil suit, perhaps he can show that the $270.00 payment he received was insufficient. Of course, when awarding damages in the civil suit, the jury may be instructed to take into consideration that Mr. Moran

has already received $270.00 or the court can simply allow Mr. Reed a set-off against the jury verdict for the amount of the previous award. But because the issue of civil damages remains to be decided, the trial court's order pursuant to *W.Va. R.Civ.P.* 12(b)(6) was inappropriate. *Dunlap v. Hinkle*, 173 W.Va. 423, 317 S.E.2d 508 (1984) (The trial court, in appraising the sufficiency of a complaint on a 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief).

Accordingly the judgment of the Circuit Court of Taylor County is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.