371 S.E.2d 90

**John E. GOODWIN**

v.

**Harry R. THOMAS and Clarence W. Moore, Jr.**

**No. 17968.**

Supreme Court of Appeals of West Virginia.

July 18, 1988.

Victor A. Barone, Charles E. Hurt, Charleston, for John E. Goodwin.

Andrew J. Goodwin, Charleston, for Harry R. Thomas.

PER CURIAM:

This appeal arises from a suit by a lessee for damages inflicted by defendants upon the lessee's auto body and repair business. The lessee entered into a written lease in 1974 with defendants' predecessors in title. The lease was for a term of 15 years and provided that the premises were rented for lessee's auto body and repair shop. In 1977, the defendants purchased the property with actual and constructive [1] notice of the lease. The defendants attempted to get plaintiff voluntarily to relinquish his lease and, when unsuccessful, told plaintiff the lease was void due to lack of mutuality of consideration because the lease contained a provision that allowed only the lessee to terminate on 30 days notice.

The defendants then filed a declaratory judgment action to have the lease declared invalid or to convert it to a month-to-month lease because of the 30 day termination clause and thereafter forcibly evicted plaintiff from the leased premises by removing plaintiff's property and demolishing the building. The plaintiff then filed this action for damages which was consolidated with the declaratory judgment action.

In July, 1977, the circuit court held in the declaratory judgment action that the lease was invalid and the lessee appealed that decision to this Court. On 27 May 1980, we handed-down an opinion [2] reversing the circuit court and holding that the lease was not invalid nor was it converted to a month-to-month lease by the 30 day termination provision. We remanded the case to the trial court to hear evidence of oppressive or unfair conduct by the lessee which might invalidate the lease. The trial court heard evidence and on 26 January 1982, declared the lease valid and entered judgment in favor of the lessee in the declaratory judgment action. This decision was not appealed and, therefore, became final.

The lessee's suit for damages was set for jury trial on 16 June 1986. Approximately two weeks before the trial, defendants made a motion for summary judgment contending that the lease was void from its inception because lessee's auto body repair shop was not a permissible use for the premises under the City of Charleston zoning ordinance. This alleged ground of the lease's invalidity was never argued in the declaratory judgment action even though the circuit court found the zoning issue could have been raised in the earlier action. The circuit court heard evidence on the zoning issue and ruled in favor of defendants' motion for summary judgment. The lessee appeals this decision to us arguing that the final order in the declaratory judgment action that held the lease valid precludes defendants from now raising the zoning issue because the validity of the lease is *res judicata*. We agree [3] and reverse the circuit court's ruling on the motion for summary judgment.

This Court said in *Moran v. Reed*, 175 W.Va. 698, 338 S.E.2d 175 (1985):

"Alternatively, *res judicata* not only bars the parties to a lawsuit from relitigating issues that a court has actually determined, but also bars the parties from relitigating every other matter that the parties might have litigated as incident thereto. It is not essential that the matter should have been formally put in issue in a former suit, rather it is sufficient that the *status* of the suit was such that the parties might have had the matter disposed of on its merits. *Conley v. Spillers*, 171 W.Va. 584, 301 S.E.2d 216, 219, (1983)."

175 W.Va. at 700, 338 S.E.2d at 177.

The issue litigated and decided in the earlier declaratory judgment action was the validity of the lease. Defendants initiated that action. Defendants now wish to relitigate the lease's validity on the basis of a different legal theory. It was purely a matter of their choice to base their claim of invalidity solely on the 30 day termination provision. There was nothing to prevent

---

1. The lease was properly recorded prior to defendants' purchase of the property.

2. *Thomas v. Goodwin,* 164 W.Va. 770, 266 S.E.2d 792 (1980).

3. Because we reverse on the *res judicata* issue, we need not address appellant's other assignment of error.

them from using the zoning issue as an alternative basis for relief. The issue of the lease's validity has been decided and is *res judicata.*

The United States Supreme Court discussed the public policy supporting the doctrine of *res judicata* in *Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–974, 59 L.Ed.2d 210, 217 (1979):

> To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions. [footnote omitted]

Defendants had a full and fair opportunity to litigate the validity of the lease. They cannot now raise an alternative theory of relief that they could have raised in their declaratory judgment action.

Reversed and Remanded.