403 S.E.2d 13

**John E. GOODWIN**

v.

**Harry R. THOMAS and Clarence W. Moore, Jr.**

**No. 19782.**

Supreme Court of Appeals of
West Virginia.

March 14, 1991.

Charles E. Hurt, Hurt & Barone, Charleston, for John E. Goodwin.

Andrew J. Goodwin, Goodwin, Perry & Horter, Charleston, for Harry R. Thomas, Clarence W. Moore, Jr.

PER CURIAM:

The question in this case is whether the appellant, John E. Goodwin, is entitled to the $25,000 in punitive damages awarded by a jury in his suit against the appellees, Harry R. Thomas and Clarence W. Moore, Jr. Goodwin now appeals from the November 9, 1989, order of the Circuit Court of Kanawha County setting aside the punitive damage award.

Goodwin was the tenant in possession of a two-car garage located in West Charleston, West Virginia, out of which he operated an automobile repair business known as "John's Body Shop," pursuant to a lease

dated July 18, 1974.[1] In the summer of 1976, Thomas and Moore purchased the property from the lessors, Frank and Ida Morris, with knowledge of the existence of Goodwin's fifteen-year lease, which was properly recorded in the Office of the Clerk of the County Commission of Kanawha County.

Thomas and Moore purchased the property with the intention of leasing it to a franchised food distributor, and they immediately attempted to negotiate a buy-out of Goodwin's lease.[2] These efforts proved futile, however, and by letter dated November 29, 1976, Thomas and Moore's attorney advised Goodwin as follows:

> It has been called to my attention that by the last clause of this lease you reserved the right to terminate this lease upon thirty days' notice given at any time. It is my opinion, and I have advised Messrs. Thomas and Moore of such, that by reserving this right to yourself the lease has been reduced from one for a term of years to a tenancy at will, terminable by either party upon the giving of 30 days' notice.
>
> Accordingly, Messrs. Thomas and Moore hereby notify you that, as holders of an executory interest in the above referenced property that any lease you hold on this property will be terminated as of January 18, 1977.

In response, Goodwin's attorney informed Thomas and Moore that Goodwin had "a good and valid lease ... I suggest that if you wish him to quit the premises you institute a suit which we will vigorously defend and no doubt prevail therein." Thomas and Moore instituted a declaratory judgment action in the Circuit Court of Kanawha County on March 9, 1977, seeking to have the lease declared void.

Before the circuit court ruled on the declaratory judgment action, Goodwin filed a civil suit against Thomas and Moore on July 19, 1977. Goodwin alleged that on June 5, 1977, Thomas and Moore "entered upon the leased premises" and tore the building down upon his equipment, material, merchandise, and his customers' vehicles, rendering his lease valueless and completely destroying his business. Goodwin alleged that these actions were done deliberately with willful and wanton disregard and in violation of his rights under the provisions of the lease, which guaranteed him "the peaceable and quiet possession and enjoyment of the leased premises during the full term of the lease which had a remaining term of twelve years." Goodwin sought judgment in the amount of $50,000 compensatory damages, $100,000 punitive damages, and the costs of his action.

Approximately a month and a half after the building was demolished, the circuit court ruled in favor of Thomas and Moore in the declaratory judgment action by granting their motion for summary judgment on July 28, 1977. It is with considerable interest that we note the appellees' transparent attempt to rearrange the facts in this case so as to enhance their argument that the suit Goodwin filed against them on July 19, 1977, was simply a "civil action for breach of the lease and damages for that breach." In an obviously incorrect statement in their brief now before this Court, Thomas and Moore maintain that it was not until after July 28, 1977, that they "tore down the house belonging to Frank and Ida Morris and the garage of Frank and Ida Morris which was leased to John E. Goodwin," acting under what they characterize as "a bona fide claim of right and without malice in any form."[3]

---

1. Goodwin actually began operating his business in this building in 1973. The previous tenant was his father-in-law, who had decided to move his own shop to another location.

2. Goodwin argues that Thomas and Moore initially recognized the validity of his lease in that they accepted rent from him and attempted to find places for him to relocate. Goodwin found these suggested locations unacceptable because of their higher rent and for other unstated rea-

sons. Finally, Goodwin also states that Thomas offered him a check for $4,000 or $5,000, which he refused because it was insufficient to compensate him for the remaining twelve years on his lease and he still had nowhere to move his business. Goodwin states that Thomas then angrily threatened to tear down the building.

3. In oral argument before this Court, counsel for the appellees, Thomas and Moore, stated that prior to actually filing the motion for de-

On May 27, 1980, this Court reversed the lower court's July 28, 1977, order granting summary judgment for the appellees. In *Thomas v. Goodwin*, 164 W.Va. 770, 266 S.E.2d 792 (1980), we held that the lease was neither invalid nor was it converted to a month-to-month lease by the thirty-day termination provision. However, we remanded the case for trial so that the court could determine whether there was evidence of oppressive or unfair conduct at the time of execution which might invalidate the lease. A trial on this issue was held on January 18, 1982. In an order dated January 28, 1982, the Circuit Court of Kanawha County concluded "that there was no evidence adduced of any oppressive or unfair conduct by the Lessee before or at the time of the execution of the lease in question which caused the Lessors to execute the lease ... the lease was voluntarily and freely executed by the Lessors therein and it is a valid lease." The decision in this declaratory judgment action was not appealed.

Goodwin's suit for damages was set for trial on June 16, 1986. On June 3, 1986, Thomas and Moore moved for summary judgment, arguing that the lease was void from its inception because Goodwin's auto body repair shop was not a permissible use of the property under the City of Charleston zoning ordinance. On November 6, 1986, the parties appeared with counsel and the court heard testimony and arguments on the motion for summary judgment. In an order dated February 9, 1987, the circuit court granted Thomas and Moore's motion, finding "as a matter of law that the lease ... was voidable at its inception by the lessors and by the lessees for the reason that the activity set forth in the lease is a prohibited activity under the zoning ordinances of the City of Charleston and, therefore, an illegal use of the property."

On appeal to this Court, Goodwin argued that the January 28, 1982, final order in the declaratory judgment action precluded Thomas and Moore from raising the new zoning issue because the validity of the lease was now *res judicata.* We agreed, reversing the summary judgment order and remanding the case for further disposition. *Goodwin v. Thomas*, 179 W.Va. 593, 371 S.E.2d 90 (1988).

On November 30, 1988, the case came to trial on the issue of damages. A Kanawha County Circuit Court jury awarded Goodwin $17,858.84 in compensatory damages and $25,000.00 in punitive damages. Upon the appellees' motion, the court set aside the verdict with respect to punitive damages. For reasons set forth in a December 29, 1988, opinion letter, the court found that the evidence was not sufficient to support an award of punitive damages. It is from this order, entered on November 9, 1989, that Goodwin now appeals.

The appellant, Goodwin, disputes the circuit court's finding that this case is "an action for damages for breach of a contract of lease and not one of tort." Goodwin maintains that his amended complaint states causes of action in tort as well as contract, noting that "[t]he destruction and carrying off of appellant's personal property are torts and are specifically alleged in the complaint. Punitive damages are specifically requested in the complaint."

Goodwin argues further that the evidence presented in this case supported an award of punitive damages. As evidence of malice and willfulness, Goodwin points to his testimony of the specific threats which Thomas and Moore made against him—their promise to spend $10,000.00 to get him out of the building, to call the police to remove cars from the alley, and to make it as hard on him as they could—as well as other incidents of harassment

claratory judgment in the Circuit Court of Kanawha County, that court told them to go ahead and file the motion but that it was the court's opinion that the lease was void. Counsel intimated that the appellees were acting at least in part on this opinion when they decided to go ahead and demolish the property without the benefit of an actual declaratory judgment in

their favor. Of course, there is no evidence in the record of the court below having assured the appellees that the lease was void. Furthermore, the appellees' action in demolishing the property denied Goodwin the right to effectively appeal any adverse ruling, as the subject matter of the litigation had already been destroyed.

which included breaking windows and locks and disconnecting utilities. Goodwin states that these types of threats caused his employees to leave for other jobs and he himself also sought additional employment.

■ Goodwin maintains that from the evidence he presented, the jury could properly find that it was the appellees' purpose to drive him out of business, whether he had a valid lease or not, so that they could proceed with their own plans for the property. In response, Thomas and Moore argue that the evidence was not sufficient to demonstrate that their action in tearing down the building warranted an award of punitive damages. We disagree, however, and find that Goodwin's complaint stated a claim for punitive damages and thus the jury's award of $25,000 was proper.

In its December 29, 1988, opinion letter, the Circuit Court of Kanawha County characterized Goodwin's suit against Thomas and Moore as "an action for damages for breach of a contract of lease and not one of tort." The court concluded that, "actions in contract will not support punitive damages unless the evidence is far stronger than the evidence offered in this case." The lower court did not elaborate on exactly why the evidence Goodwin did present was insufficient.

■ This Court has previously held that "[g]enerally, absent an independent, intentional tort committed by the defendant, punitive damages are not available in an action for breach of contract." *Berry v. Nationwide Mut. Fire Ins. Co.*, 181 W.Va. 168, 381 S.E.2d 367, 374 (1989). We dispute the lower court's finding that Goodwin's suit was simply an action for damages for breach of a contract of lease. Goodwin's complaint clearly alleged tortious activity by the appellees in that they deliberately tore down the garage in willful and wanton disregard of his rights under the lease. " 'In actions of tort, where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear, or where legislative enactment authorizes it, the jury may assess exemplary, punitive, or vindictive damages....' Syl. pt. 4, in part, *Mayer v. Frobe*, 40 W.Va. 246, 22 S.E. 58 (1895)." Syl. pt. 1, *Wells v. Smith*, 171 W.Va. 97, 297 S.E.2d 872 (1982). "[T]he weight of West Virginia precedent is that where there is an intentional wrong, or where there are circumstances which warrant an inference of malice, willfulness, or wanton disregard of the rights of others, punitive damages may be awarded." *Addair v. Huffman*, 156 W.Va. 592, 195 S.E.2d 739, 743 (1973), citing *George v. Norfolk & Western Railway Co.*, 80 W.Va. 317, 92 S.E. 430 (1917).

■ In the case now before us, the jury received the following instruction regarding an award of punitive damages:

The Court instructs the jury that if you find from a preponderance of all the evidence in this case, that the actions of the Defendants in evicting the Plaintiff were in total disregard of the Plaintiff's rights as a lessee in the leased premises and that such actions were willful and wanton, then you may award the Plaintiff punitive damages which together with and in reasonable proportion to the amount of compensatory damages will punish the Defendants and that the judgment of the jury be sufficient to deter others from engaging in like course of conduct and prevent further repetition of their reckless or malicious acts.

In syllabus point 2 of *Wells v. Smith*, 171 W.Va. 97, 297 S.E.2d 872 (1982), this Court stated that:

In assessing punitive damages, the trier of fact should take into consideration all of the circumstances surrounding the particular occurrence including the nature of the wrongdoing, the extent of harm inflicted, the intent of the party committing the act, the wealth of the perpetrator, as well as any mitigating circumstances.

Furthermore, "[i]t has been long established in West Virginia that, as a general rule, an award of damages by a jury should not be lightly disregarded." *Id.*, 171 W.Va. at 105, 297 S.E.2d at 880.

Nevertheless, in *Cato v. Silling*, 137 W.Va. 694, 73 S.E.2d 731 (1952), which in-

volved a wrongful eviction, this Court overturned a jury award of punitive damages upon our finding that "[t]he evidence does not show that any of the persons who were engaged in demolishing the dwelling or who removed the property of the plaintiff from it acted maliciously, or wantonly or wilfully, or in utter disregard of the rights of the plaintiff." *Id.*, 137 W.Va. at 719, 73 S.E.2d at 746. However, in the case now before us, quite the opposite is true.

Based upon our review of the record below, we find that the jury was presented with sufficient evidence at trial to support the conclusion that Thomas and Moore's demolition of the property was both willful and wanton. In *Addair v. Huffman*, 156 W.Va. 592, 195 S.E.2d 739, 746 (1973), we noted that, "[t]he foundation of the inference of malice is the general disregard of the rights of others, rather than an intent to injure a particular individual." The appellees maintain that "Harry Thomas attempted every way possible to satisfy John Goodwin in regard to the lease prior to bringing the Declaratory Judgment action before the circuit court." However, the fact remains that the appellees tore down Goodwin's garage *before* that court even ruled on their own motion for declaratory judgment. The appellees' resort to unjustified self-help cannot be construed as an action undertaken in "good faith." The appellees had no right to act as judge and jury on the issue of the validity of the lease and then proceed to destroy the building with the appellant's possessions inside.

We conclude that consideration of "all of the circumstances surrounding the particular occurrence" led the jury to properly assess punitive damages against the appellees in this case. Therefore, we reverse the November 9, 1989, order of the Circuit Court of Kanawha County which set aside the punitive damage award and remand this case to that court for entry of an order reinstating the punitive damage award.

Reversed and remanded.