945 F.2d 399
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alfred J. VINCENT, Plaintiff-Appellant,
v.
McCAMIC & McCAMIC, a legal partnership, Jolyon McCamic,
Jeffrey McCamic, Jeremy C. McCamic, Arnold W.
Cohen, M.D., Defendants-Appellees.
 No. 90-1081.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 29, 1991.
Decided Oct. 1, 1991.
 
 Appeal from the United States District Court for the Northern District of Virginia, at Wheeling. Robert Earl Maxwell, Chief District Judge. (CA-88-20-W)
 Alfred J. Vincent, appellant pro se.
 Jeremy C. McCamic, Jolyon McCamic, Jeffrey McCamic, McCamic & McCamic, Robert Patrick Fitzsimmons, Fitzsimmons & Parsons, LC, Wheeling, W.Va., for appellees.
 N.D.Va.
 AFFIRMED.
 Before K.K. HALL, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dr. Alfred Vincent appeals the district court's entry of summary judgment in favor of defendants in this diversity action alleging malicious prosecution and abuse of process. Vincent sued the attorneys who prosecuted a medical malpractice action against him in state court, which terminated in Vincent's favor, and the physician who testified as an expert against him. We affirm the entry of summary judgment.
 
 
 2
 Vincent contends on appeal that the district court should have granted his motion for disqualification. He further contends that the court incorrectly applied res judicata and collateral estoppel to bar his claims against the attorneys. In addition, he contends that the court should have ruled on his motions for protective order before finding that his failure to respond to requests for admissions resulted in admissions supporting the entry of summary judgment against him.
 
 
 3
 We first find no abuse of discretion in Judge Maxwell's refusal to recuse himself. The bias alleged by Vincent is not extrajudicial bias, as is required for disqualification under 28 U.S.C. § 144 or § 455. See Sine v. Local No. 922 Int'l Bhd. of Teamsters, 882 F.2d 913, 914-15 (4th Cir.1989); In re Beard, 811 F.2d 818, 827 (4th Cir.1987).
 
 
 4
 We agree with Vincent, however, that the state court malpractice record does not support a finding of res judicata or collateral estoppel against counsel who represented plaintiff in that case. Vincent's attempt to bring claims of malicious prosecution/abuse of process against plaintiff's counsel by way of counterclaim in the state action was rejected by the state court because counsel was not a proper party to a counterclaim. The state court held that if Vincent wished to sue counsel, he must use the third-party defendant provisions of W.Va.R.Civ.P. 14. Vincent did not do this; nor was he required to on pain of forfeiting the claims. There was no judgment on the merits with regard to Vincent's claims against counsel, nor were these claims actually litigated. Accordingly, res judicata and collateral estoppel present no bar. See Moran v. Reed, 338 S.E.2d 175 (W.Va.1985); Conley v. Spillers, 301 S.E.2d 216 (W.Va.1983).
 
 
 5
 Vincent also complains of the district court's failure to rule on his motions for protective order before finding certain facts admitted by virtue of his failure to respond to requests for admissions and entering summary judgment based on those admissions. This argument would have more force if Vincent's motions for protective order had been timely, specific, and more clearly directed to the requests for admissions. Nevertheless, even assuming the district court should have considered Vincent's motions for protective order (which we note are without merit), denied them, and then afforded Vincent an opportunity to answer the requests for admissions, we find any procedural error harmless in that the record of the state malpractice action, submitted as an exhibit in this case, conclusively refutes Vincent's claims of malicious prosecution and abuse of process.
 
 
 6
 The care provided by Vincent to the plaintiff in the state malpractice action, when compared to the governing standard of care as developed through examination and cross-examination of the witnesses in that action, would support a reasonable, good faith belief that institution of the malpractice action was justifiable. See Wright v. Lantz, 133 W.Va. 786, 58 S.E.2d 123 (1950). Because defendants had probable cause to pursue the action, they cannot be held liable for malicious prosecution. See Preiser v. MacQueen, 352 S.E.2d 22, 2425 (W.Va.1985). In addition, Vincent has shown no willful abuse of process after its issuance, to his damage, as necessary to prevail on a claim of abuse of process. Id. at 28-29.
 
 
 7
 For these reasons, and because we find Vincent's other claims of error to be without merit, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. Vincent's motion to consolidate this appeal with No. 90-1046 is denied.
 
 
 8
 AFFIRMED.