# CHARLESTON.

LOWRY VS. BUFFINGTON, ET ALS.

JOHN M. LOWRY, PLAINTIFF AND APPELLEE, *against*, WILLIAM BUFFINGTON, MATILDA BUFFINGTON, AND EDWARD BUFFINGTON, DEFENDANTS AND APPELLANTS.

1873.
January
Term.

| 6 | 249 |
| 47 | 214 |
| 47 | 245 |
| 6 | 249 |
| e55 | 38 |
| 6 | 249 |
| f64 | 17 |

Decided February 24th, 1873.

## SYLLABUS.

1. When there has been a part performance of a contract for the sale of land by the purchaser being put into possession of the property, and payment of the purchase money, or a part thereof, and an offer to pay the residue according to contract, and valuable improvements have been on the land by the purchaser on faith of the contract, the Statute of frauds cannot be successfully pleaded in bar to the performance in a Court of Equity.

2. Applications to the Court to compel specific performance, are addressd to its discretion; but it is not an arbitrary or capricious discretion, but a sound judicial discretion regulated by the established principles of the Court.

3. When a Defendant in Equity shall, in his answer, deny material allegations of the bill, the effect of such denial, shall only to be put the Plaintiff on satisfactory proof of the truth of such allegation, and any evidence which satisfies the Court, or Jury, of the truth thereof shall be sufficient to establish the same. Code West Va., Chapter 125, section 59.

32

1873.
January
Term.

Lowry
v.
Buffington et
als.

S. W. Buffington died in 1861 or 1862, seized of a tract of land in Wood County, containing nine hundred and forty-five acres and twenty poles; leaving a widow, Matilda Buffington, and three children, William, America, and Edward. This land was never partitioned amongst the heirs, nor was dower assigned to the widow.

The daughter America sold her interest in the land before the institution of this suit to the Defendant, William Buffington.

The Plaintiff filed his bill in the Circuit Court of Wood County, at the February term, 1871, and therein alleged that he purchased from the Defendant, William Buffington, one hundred acres of his share of the said real estate, at the price of five dollars per acre, and took possession thereof in pursuance of his purchase; that he made payments on account of the purchase money of said one hundred acres amounting to two hundred and seventy-one dollars and seventy-eight cents, for which he held receipts signed by Matilda Buffington, who signed them as the agent of her son William, who accepted said recepts as his own; that in November, 1870, he tendered to Defendant, William Buffington, two hunhred and thirty dollars, which was something in excess of the residue of the said purchase money. And then demanded of said Defendant a deed for said land, and that said Defendant refused to make said deed. The Plaintiff filed with his bill two hundred and thirty dollars, and prayed for a specific execution of his said contract, and that the land of S. W. Buffington might be portioned so that the tract of one hundred acres, then in the possession of the Plaintiff, might fall to the share of Defendant, William Buffington.

The adult Defendants demurred to the bill, and answered, denying all of its material allegations as to the contract, and the payment of any part of the purchase money to the Defendant, William, or his agent. The infant answered by his guardian ad litem.

Several depositions were taken. At the April Term,

1873.
January
Term.

Lowry
v.
Buffington et.
als.

1872, the Court decreed a specific execution of the contract as set forth in the bill, and that the lands, of which, S. W. Buffington, deceased, died, seized, should be so partitioned that the share of the Defendant, William Buffington, would embrace the said one hundred acres, purchased by the Plaintiff; and that there should be an assignment of dower. From this decree this appeal was taken.

*Hutchinson,* for Appellants.

Here is a plain, direct and responsive denial; requiring the appellee, by a preponderating weight of evidence to establish his case:

Johnson *vs.* Zane, 11 Gratt. 552. Clarke *vs.* Van Reismdyke, 9 Cranch, 160. 2 Story, Eq., 1528. 9 Vesey, 275. Anthony *vs.* Leftwich, 3 Rand. 258.

It is well settled that the contract alleged must be the contract *proved.*

Blanton *vs.* Brackett, 5 Call. 232. Lewis *vs.* Owen, 1 Ired. N. C. Eq., 290. Anthony *vs.* Leftwich, 3 Rand. 238. Story, Eq., sec. 764. 12 Leigh, 69. Lindsay *vs.* Lynch, 1 Schoale & Lefroy. 1. Patrick *vs.* Horton, 3 W. Va., 23. German *vs.* Machin, 6 Paige, 288. Carr *vs.* Duvall, 14 Peters, 77. Colson *vs.* Thompson, 2 Wheat. 336.

2. Agency cannot exist without appointment, either expressly or by implication; and the acts from which it isimplied must necessarily conduce to that inference.

Story on Agency, sec. 54, 2 Kent, Com. Lect. 41, 613. Long *vs.* Colburn, 11 Mass. Rep. 97. Bell *vs.* Cunningham, 3 Peters, 81. Coleman *vs.* Garrigues 18 Barb. 60.

3. It was error to decree specific execution of the parol contract alleged in the bill, because it is not admitted, but expressly denied by Appellants, and there is no countervailing proof.

Even though it were admitted, yet if the Statute of Frauds is relied on, it is error to decree for complainant

Heth's Ex'r. *vs.* Woolbridge's Ex'r. 6 Rand. 608-9. Blanton *vs.* Brackett, 5 Call. 232. 1 Story, Eq., sec. 754. Story, Eq., Pl. sec. 763. Fry on Specific Perf. sec. 377. Thompson *vs.* Todd, 1 Peters C. C. 388. Harris *vs.* Knickerbocker, 5 Wend. 638.

4. The contract to be enforced must be clear, and precise. There is no evidence of a parol contract. If there is, there are no acts of part performance proved referrable to the contract alleged.

Kendall *vs.* Alney, 2 Sumner, 278. Carr *vs.* Duval, 14 Peters, 77. German *vs.* Machin, 6 Paige, 288. Anderson *vs.* Chick, 1 Bailey Eq., S. C. 118. Colson *vs.* Thompson, 2 Wheat, 336. Birchett *vs.* Boling, 5 Munf. 442. Fry on Specific Perf. secs. 383, 384, 387, and *note* 27. Phillips *vs.* Thompson, 1 Johns. Chy. 131. Smith *vs.* Ankrim, 1 S. & R.39. 1 Johs. Chy. 131. Ld. James Stuart *vs.* London & N. W. R. R. 15 Beaven, 513.

Judge Carr, (6 Rand. 610,) says: "The books say that an agreement will not be considered as partly executed, unless the acts done are such as could be done with no other view or design than to perform the agreement, &c."

Payment of purchase money is *no act* of part performance.

Fry on Specific Perf. secs. 403, 404. Jackson *vs.* Cutright, 5 Munf. 308.

The possession taken of the land was wholly without the consent or approval of the vendor. Possession taken thus will not be evidence of the contract on the principle of part performance.

Jervis *vs.* Smith, 1 Hoffman, Chy. Reps. 470. 2 Story, Eq., Jurisp. secs. 760, 762, 763. Jacobs *vs.* Peterborough & C. R. R. Co. 8 Cush. 223. Wills *vs.* Straddling, 3 Ves. 378. Frame *vs.* Dawson, 14 Ves 386. 1 Lead. Cas. Equity, Hare & Wall. Notes, 3d Am Ed. 735.

All the cases in which possession has been held part

1878.
January
Term.

Lowry
v.
Buffington et
als.

performance of the alleged contract will be found to be where the contract was *clearly* proved; no doubt existing in regard to its terms, and where the vendee was actutually placed in possession of the land, or the vendor assented to his taking possession in pursuance of a contract.

Jervis *vs.* Smith, *ut supra.* Wagoner *vs.* Speck, *et al,* 3 Ham. 293. Allen's Est. 1 Watts & Serg. 383. Ellis *vs.* Ellis, 1 Dev. Eq., 341.

The acts of part performance to be effective against the Statute must be, such as cannot be referred to any other title than such an agreement as that alleged.

Gunter *vs.* Halsey, Ambl. 586. Lindsay *vs.* Lynch, 2 Sch. & Lefr. 8. Fry on Sp. Perf. sec. 386. Savage *vs.* Carrol, 2 Ball & B. 451. Sug. Vend. 126, 2 Story, Eq., sec. 764.

*Before* acts of part performance are *evidentiary,* there be proof of *some* contract. Proof of a *mere offer or proposal* is not enough.

6. If it were true that there was a contract, clear, precise, and definite in its terms, there is no proof any payment or tender of money by Appellee to the said Wm. Buffington.

3 Rand. 238. Patrick *vs.* Lovell & Horton, 3 W. Va. 24.

Where the answer is responsive and fully controverts the plaintiff's bill, *one witness only,* will not prevail over the answer; unless there be clear corroborating circumstances.

See 6 Rand. 609. 3 Greenl. sec. 289, *latter part.* Flagg *vs.* Mann, 2 Sumn. 486. Petty *vs.* Taylor, 5 Dana, 598.

The case of Parkhurst *vs.* Van Cortlandt, 14 Johnson, 35, cited by Appellee does not refute the position taken by Appellants; but supports it. In that case *there was a*

1873.
January
Term.

Towry
v.
Buffington et
als.

*written memorandum of agreement.* Nevertheless the learned Ch. Kent (1 Johns. Chy. R. 273,) refused specific performance for reasons stated. The case at bar is *without* any like features.

8. That statute of Frauds may be relied on in answer, see Fry on Sp. Perf 227, 1 Story Eq. sec. 747.

9. It was errror to decree partition of the lands.

Cox *vs.* Smith, 4 Johns. Chy. R. 291. Burham *vs.* Burham, 2 Barb. Chy. R. 404. Phelps *vs.* Green, 3 Johns. Ch. R. 305. Ramsay *vs.* Bell, 3 Iredell, Eq. 209

*Small,* for Appellee.

HAYMOND, President.

The Plaintiff filed his bill praying the enforcement of a parol contract for the sale of a tract of one hundred acres of land, situate in the County of Wood, made with him by the Defendant, William Buffington. The contract is alleged to have been made in February, 1868, and for a hundred acres of land of the share of Defendant, William, in a much larger tract, which was the property of Solomon Buffingon, deceased, at his death,. who was the father of Defendant William. The bill also alleges that Defendant William, was the owner of two univided thirds of the large tract, subject to the dower interest of Defendant, Matilda Buffington the mother of William. Edward Buffington, the brother of William and the owner of one undivided third of the large tract is made a party defendant. The bill, alleges that Plaintiff purchased the one hundred acres of land of Defendant William, at the price of five dollars *per* acre ; that he was put into possession of the land about the time of the contract, under, and on faith thereof, by Defendant, William ; and that on faith of the contract he has made valuable improvements upon the land, paid a large part of the purchase money, and offered to pay the resi .due, before commencing suit, to Defendant William ; that

1873.
January
Term.

Lowry
v.
Buffington et
als.

n the Summer of 1868, the Defendant, William, employed a surveyor to survey, and run out the one hundred acres of land, sold to Plaintiff, and that the surveyor employed did make the survey, and made a plat thereof which is filed with the bill; that Defendant, William, refuses to receive the balance of purchase money, and perform his contract with Plaintiff.

The answer of William Buffington denies all the material allegations of the bill, and relies on the statute of frauds as a defence. The answer of Defendant, Matilda Buffington, denies most of the material allegations.

Upon a careful examination of the evidence I think it proves, and sustains the material allegations of the bill, and disproves the answers of Defendant, William, and his mother.

The remedy of specific performance refers itself chiefly to contracts for real estate, and it follows such cases frequently fall within the influence of statute of frauds, which declares void all contracts for land which are not reduced to writing, and signed by the party sought to be charged. But it is well settled that where there has been a part peformance of the contract by the purchaser being put into possession of the property, and payment of the purchase money, or a part of the purchase money, and an offer to pay the residue, and valuable improvements have been made by the purchaser on faith of the contract, that the statute of frauds cannot be successfully pleaded in bar to the performance in a Court of Equity. This principle has been so frequently determined, and sanctioned by the Supreme Court of Appeals of Virginia, and of this State, and is so familiar to the legal profession, that I deem it wholly unnecessary to quote, or cite, authorities in its support. Applications to the Court to compel specific performance, are addressed to its discretion; but it is not an arbitrary or capricious discretion, but a sound judicial discretion

regulated by the established principles of the Court. 2nd Vol. Tucker's Com. Book 3, side page 464. 1 Mad. 286, 287. St. John *vs.* Benedict et als. 6 Johns. Chy. 111. Seymour *vs.* Delaney, 6 Jons. Chy. 225. To justify a decree for specific performance, the contract must be clearly, and distinctly ascertained, or the Court cannot decree, Graham *vs.* Hendren, 5 Munford, 185. If the agreement can be reduced to a certainty, it will be enforced; and when no time is fixed, performance in a reasonable time will be decreed. 1 Mad. 337. 2nd Vol. Tucker's Com. side page 464.

When a defendant in equity shall, in his answer, deny material allegations of the bill, the effect of such denial, shall only be to put the plaintiff on satisfactory proof of the truth of such allegations, and any evidence which satisfies the Court or Jury of the truth thereof shall be sufficient to establish the same. Code of West Va. section 59, Chapter 125. The fact that the large tract of which the two hundred acres form' part has not been partitioned I think is no reason for refusing the specific execution of the contract under the circumstances attending this case, as it is evident the share of Defendant, William, amounts to largely more than the one hundred acres. I am of opinion, also, that the Court below did right in directing partition of the lands, and the assignment of the widows dower.

For these reasons the decree of the Circuit Court of the County of Wood rendered in this cause on th 18th day of April, 1872, must be affirmed, and the Appellee recover against the Appellants his costs in this Court, together with $30 damages, and the cause must be remanded to the Circuit Court of Wood County, for further proceedings therein to be had.

HOFFMAN, PAULL, and MOORE, Judges, concur in the foregoing opinion.