474 S.E.2d 900

**Edwina T. HOLBROOK, Plaintiff Below, Appellant,**

**v.**

**Arthur M. HOLBROOK, Jr., and Gladys J. Holbrook, Defendants Below, Appellees.**

**No. 23107.**

Supreme Court of Appeals of West Virginia.

Submitted May 2, 1996.

Decided July 17, 1996.

Charles A. Kiser, Robert E. Barrat, Martinsburg, for Appellant.

Michael D. Lorensen, Bowles Rice McDavid Graff & Love, Martinsburg, for Appellees.

PER CURIAM:

This action is before this Court upon an appeal from the final order of the Circuit Court of Berkeley County, West Virginia, entered on August 23, 1994. Pursuant to that order, the circuit court dismissed the complaint of the appellant, Edwina T. Holbrook, against the appellees, Arthur M. Holbrook, Jr., and Gladys J. Holbrook, in an action in which the appellant sought specific performance to compel the appellees to convey to her a certain interest in real property.

The dismissal of the complaint was upon a motion filed by the appellees pursuant to *W.Va.R.Civ.P.* 12(b)(6).

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons stated below, this Court holds that the dismissal of the complaint was error, and this action is remanded to the circuit court for further proceedings.

### FACTS

In June 1985, the appellees purchased a parcel of real property in Arden District, Berkeley County, consisting of 3.978 acres. By deed dated June 13, 1985, the appellees conveyed one acre of that parcel to their son, Arthur M. Holbrook III. A home was constructed upon the one acre which later became the marital domicile of the appellees' son and the appellant.

As alleged in the complaint, prior to the marriage of the appellees' son and the appellant, the appellees orally agreed to convey the remaining 2.978 acres to the son and the appellant for $10,000, plus interest. Specifically, the appellees were to convey the acres upon the completion by the son and the appellant of 120 payments of $132.16 each.

The appellees' son and the appellant were married on February 16, 1986. They separated, however, in March 1992 and subsequently obtained a divorce upon the ground of irreconcilable differences. *W.Va.Code,* 48–2–4 [1981]. As part of the divorce settlement, the appellees' son purchased the appellant's interest in the one-acre parcel, upon which the home was located, for $20,000. Nevertheless, neither the divorce decree entered on June 28, 1994, nor the property settlement agreement incorporated therein, mentioned the 2.978 parcel of real property.

On July 1, 1994, the appellant instituted the underlying action in which she claims entitlement to an undivided one-half interest in the 2.978 acres. Importantly, the complaint alleges that, prior to their separation and divorce, the appellees' son and the appel-

lant made substantial payments to the appellees for the property. As the complaint states:

That [appellant] and Arthur M. Holbrook III jointly made payments for the purchase of said property, principal and interest, from July 1985 through March 1992 ... [and that] said payments made by the [appellant] and Arthur M. Holbrook III were received and accepted until the parties separated and the said Arthur M. Holbrook III left the marital domicile; that from April 1992 through September 1992 the [appellant] continued to make the said payments to the Defendants, but the Defendants refused to cash or negotiate the check funded them by the [appellant].

In the complaint, the appellant asked the circuit court to permit her to pay any unpaid sums with regard to the appellees' agreement to sell the 2.978 acres. The appellant concluded the complaint by asking the circuit court to compel the appellees to convey to her an undivided one-half interest in the 2.978 acres.

In response, the appellees filed a motion to dismiss the complaint pursuant to *W.Va. R.Civ.P.* 12(b)(6), alleging that, inasmuch as the action involved an oral agreement for the sale of land, the agreement was unenforceable pursuant to this State's statute of frauds, *W.Va.Code,* 36–1–3 [1931]. As reflected in the final order of August 23, 1994, the circuit court agreed with the appellees and dismissed the complaint. This appeal followed.

## STANDARD OF REVIEW

■ Rule 12(b)(6) of the *West Virginia Rules of Civil Procedure* authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Such a dismissal is, of course, subject to review by this Court. In particular, as we stated in syllabus point 2 of *State ex rel. McGraw v. Scott Runyan Pontiac–Buick,* 194 W.Va. 770, 461 S.E.2d 516 (1995): "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" *See also West Virginia Human*

*Rights Commission v. Garretson,* 196 W.Va. 118, 123, 468 S.E.2d 733, 738 (1996); syl. pt. 2, *Randolph County Board of Education v. Adams,* 196 W.Va. 9, 467 S.E.2d 150 (1995).

■ Moreover, this Court, in syllabus point 3 of *Chapman v. Kane Transfer Company,* 160 W.Va. 530, 236 S.E.2d 207 (1977), held: "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99 [102], 2 L.Ed.2d 80 (1957)." *See* syl. pt. 1, *Sesco v. Norfolk and Western Railway,* 189 W.Va. 24, 427 S.E.2d 458 (1993); syl. pt. 2, *Dunlap v. Hinkle,* 173 W.Va. 423, 317 S.E.2d 508 (1984); syl., *Flowers v. City of Morgantown,* 166 W.Va. 92, 272 S.E.2d 663 (1980). *See also,* syl. pt. 4, *United States Fidelity and Guaranty v. Eades,* 150 W.Va. 238, 144 S.E.2d 703 (1965), indicating that only matters contained in the pleading may be considered on a motion to dismiss under *W.Va. R.Civ.P.* 12(b); 6A M.J. *Dismissal, Discontinuance and Nonsuit* § 12 (Michie 1991); Lugar & Silverstein, *West Virginia Rules of Civil Procedure,* p. 101–103 (Michie 1960); 5A Wright & Miller, *Federal Practice and Procedure* § 1357 (West Publishing Co. 1990).

## STATUTE OF FRAUDS

This State's statute of frauds, embodied in *W.Va.Code,* 36–1–3 [1931], provides:

No contract for the sale of land, or the lease thereof for more than one year, shall be enforceable unless the contract or some note or memorandum thereof be in writing and signed by the party to be charged thereby, or by his agent. But the consideration need not be set forth or expressed in the writing, and it may be proved by other evidence.

■ In *Timberlake v. Heflin,* 180 W.Va. 644, 648, 379 S.E.2d 149, 153 (1989), this Court noted that the underlying purpose of

the statute of frauds "is to prevent the fraudulent enforcement of unmade contracts," rather than the legitimate enforcement of contracts which were, in fact, made. As syllabus point 3 of *Timberlake* observes:

> The statute of frauds, as applicable to contracts for the sale or lease of land, is a procedural bar to prevent enforcement of oral contracts unless the conditions expressed in W.Va.Code, 36–1–3, are met. The operation of the statute of frauds goes only to the remedy; it does not render the contract void.

That distinction between the enforceability and the validity of such contracts, recognized in *Timberlake*, is consistent with the principle that, in some circumstances, considerations of equity may result in the statute not being imposed. As this Court held in syllabus point 1 of *Ross v. Midelburg*, 129 W.Va. 851, 42 S.E.2d 185 (1947): "A party to an oral contract for the sale of land, to which the statute of frauds is applicable, may, by conduct on his part, be estopped in equity to assert the statute of frauds as a defense to such contract." *See also* syl. pt. 2, *Meade v. Slonaker*, 183 W.Va. 66, 394 S.E.2d 50 (1990); 8B M.J. *Frauds, Statute of* § 1, *et seq.* (Michie 1994). One such exception, grounded in equity, is the doctrine of part performance. *Bennett v. Charles Corporation*, 159 W.Va. 705, 712, 226 S.E.2d 559, 564 (1976); *Cottrell v. Nurnberger*, 131 W.Va. 391, 410, 47 S.E.2d 454, 463 (1948).

In *Ballengee v. Whitlock*, 138 W.Va. 58, 63, 74 S.E.2d 780, 784 (1953), this Court stated, generally, that "[i]f there has been part performance of a contract for the sale of real estate, such contract may be enforced." In particular, this Court has recognized that, although the mere payment of the purchase price may not be sufficient part performance to render an oral agreement for the sale of real property enforceable, syl. pt. 4, *Gibson v. Stalnaker*, 87 W.Va. 710, 106 S.E. 243 (1921), 8B M.J. *Frauds, Statute of* § 36 (Michie 1994), such payment, in conjunction with possession of the property or improvement thereof by the vendee, is supportive of the application of the doctrine of part perfor-

mance as an exception to the statute of frauds.

■ Although several of this Court's case decisions concerning the doctrine of part performance predate 1900, a concise statement of the doctrine appears in *Callaham v. First National Bank of Hinton*, 126 W.Va. 907, 30 S.E.2d 735 (1944). The *Callaham* opinion states:

> Certain acts of part performance of verbal agreements for the sale of real estate have always been recognized in equity as taking a case out of the strict application of the statute of frauds. Code, 36–1–3. For example, payments of purchase money, in whole or in part, accompanied by possession of the land sold; or possession thereof, coupled with the placing of valuable improvements thereon by the purchaser, have always been held to justify a decree for the specific performance of a verbal agreement to convey real estate.... [However,] the general rule may be stated to be that specific performance cannot be decreed on the ground of part performance, unless the acts are such that legal damages would not be adequate relief [.]

126 W.Va. at 912–13, 30 S.E.2d at 738. *See also* syllabus point 1 of *Lowry v. Buffington*, 6 W.Va. 249 (1873), which holds:

> When there has been a part performance of a contract for the sale of land by the purchaser being put into possession of the property, and payment of the purchase money, or a part thereof, and an offer to pay the residue according to contract, and valuable improvements have been [made] on the land by the purchaser on faith of the contract, the Statute of frauds cannot be successfully pleaded in bar to the performance in a Court of Equity.

■ In the action now before this Court, it must be emphasized that our review is upon the limited issue of whether the circuit court committed error in dismissing the complaint pursuant to *W.Va.R.Civ.P.* 12(b)(6). Stated another way, the question is whether, viewing the complaint liberally, the appellant can prove facts in support of her claim which would entitle her to relief. Syl. pt. 3, *Chapman, supra*. In that regard, it is not fatal to the complaint that the appellant seeks relief in the form of specific perfor-

mance under a "resulting trust," rather than a "part performance," theory, even though a "resulting trust" theory would not apply in these circumstances.* As this Court stated in *John W. Lodge Distributing Co. v. Texaco, Inc.*, 161 W.Va. 603, 605, 245 S.E.2d 157, 159 (1978): "[I]f the complaint states a claim upon which relief can be granted under any legal theory, a motion under Rule 12(b)(6) must be denied." *See also Dunlap v. Hinkle*, 173 W.Va. 423, 427, 317 S.E.2d 508, 513 (1984). Nor should the circuit court dismiss a complaint "merely because it doubts that the plaintiff will prevail in the action[.]" *John W. Lodge Distributing Co., supra*, 161 W.Va. at 605, 245 S.E.2d at 159.

In *Parkway Fuel Service v. Pauley*, 164 W.Va. 344, 263 S.E.2d 893 (1980), the plaintiff, Parkway Fuel Service, was granted a summary judgment against Pauley for past due rent and possession of real property. This Court reversed, however, concluding, *inter alia*, that Pauley's assertions, that he made a down payment for the purchase of the property and that he was in possession of the property, raised a question of fact of whether the statute of frauds could be avoided under the doctrine of part performance.

 Here, the complaint alleges that the appellees' son and the appellant made substantial payments to the appellees for the 2.978 acres, based upon an oral agreement. The payments were allegedly made from July 1985 through March 1992. Although, as indicated above, such payments alone do not constitute part performance as an exception to the statute of frauds, and the appellees have disputed whether the payments were, in fact, for the 2.978 acres, such payments, if established as purchase money, are a factor to be considered under the doctrine of part performance. *See generally* Wanda Ellen Wakefield, Annotation, *Check Given in Land Transaction as Sufficient Writing to Satisfy Statute of Frauds*, 9 A.L.R.4th 1009 (1981).

Moreover, the complaint indicates that the alleged oral agreement concerning the 2.978 acres did not occur in a vacuum but, instead, occurred as part of an intent by the appellees to transfer the larger 3.978 acres to their son and the appellant in contemplation of marriage. Specifically, the complaint alleges that the appellees purchased the original 3.978 acre parcel because the appellees' son and the appellant "wanted to build a residence upon one (1) acre of said property[.]" According to the appellant, although the one acre was conveyed to the appellees' son separately, the residence was built thereon and became the marital domicile. In that context, the building of the marital domicile and the question of use or possession of the entire 3.978 acres thereafter by the appellees' son and the appellant, become relevant considerations as to whether the oral agreement is enforceable under the doctrine of part performance. Under such a theory, those considerations are relevant even though the appellant sold her interest in the one acre parcel following the divorce. As stated above, neither the divorce decree nor the property settlement agreement mentioned the remaining 2.978 acre parcel.

 In summary, although it may be later determined that the one acre conveyance to the appellees' son was unrelated to

---

* The complaint suggests that, because of the oral agreement, the appellees held the 2.978 acre parcel in a "resulting trust" for the benefit of the appellant. In support of that theory, the appellant relies upon *Murray v. Sell*, 23 W.Va. 475 (1884). In the *Murray* case, James Ward and Michael Murray agreed to purchase a tract of land, and each paid one-half of the purchase money to the vendor. Legal title, however, was conveyed to Ward only, and Murray filed an action to establish his one-half interest in the property. In *Murray*, this Court held that the "conveyance of the legal title to Ward did not deprive [Murray] of his interest in the land, but that thereafter Ward held one half of it as trustee for [Murray]." 23 W.Va. at 480. Thus, as the syllabus point in *Murray* states, a "resulting trust" in favor of Murray was created.

The circumstances before this Court, however, are different. Here, although the complaint alleges that the appellees' son and the appellant "jointly made payments for the purchase of said property," the complaint, unlike the facts in *Murray*, does not assert that legal title to the 2.978 acre parcel was ever conveyed to the appellees' son. Accordingly, the circumstances described in this complaint lack the compelling quality which, in *Murray*, necessitated a finding of "resulting trust." Here, the appellees are the vendors, and the absence of any allegation in the complaint that there has been a transfer of legal title to the 2.978 acre tract constitutes, under *Murray*, a missing element in the creation of a resulting trust.

the alleged oral agreement concerning the 2.978 acres, the complaint's merging of the two transactions, coupled with the allegations of payment of purchase money for the 2.978 acres, render the complaint sufficient to withstand dismissal under *W.Va.R.Civ.P.* 12(b)(6). As this Court acknowledged in *John W. Lodge Distributing Co., supra,* 161 W.Va. at 606, 245 S.E.2d at 159: "The standard which plaintiff must meet to overcome a Rule 12(b)(6) motion is a liberal standard, and few complaints fail to meet it. The plaintiff's burden in resisting a motion to dismiss is a relatively light one."

Accordingly, the final order of the Circuit Court of Berkeley County, entered on August 23, 1994, is reversed, and this action is remanded to that court for further proceedings.

Reversed and remanded.