556 S.E.2d 69

**Dan MESSER & Pamela Messer,
Plaintiffs Below, Appellants**

v.

**Jerry RUNION & Isalene Runion,
Defendants Below, Appellees.**

No. 29162.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 5, 2001.

Decided Oct. 30, 2001.

Shawn D. Bayliss, Esq., Lester, Vieweg & Bayliss, Charleston, for Appellants.

Kimberly E. Williams, Esq., Hunt & Serreno, Charleston, for Appellees.

## PER CURIAM.

This case is before this Court upon appeal of a final order of the Circuit Court of Lincoln County entered on May 15, 2000. Pursuant to that order, the circuit court granted summary judgment in favor of the appellees and defendants below, Jerry and Isalene Runion (hereinafter "the Runions"), in this action filed by the appellants and plaintiffs below, Dan and Pamela Messer (hereinafter "the Messers"), seeking specific performance to compel the Runions to convey to them a one-acre tract of land located in Lincoln County. In this appeal, the Messers contend the circuit court erred by granting summary judgment based on the statute of frauds, W.Va.Code § 36–1–3 (1923).

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order of the circuit court is affirmed.

### I.

On August 1, 1997, the parties entered into an installment land contract whereby the Messers agreed to pay the Runions $55,000 for a house and 4.23 acres of land located in Sod, West Virginia. The contract provided for a $600 down payment to be followed by monthly payments of $800 for sixty-eight months.[1] On October 20, 1997, the parties modified the contract by drafting a second agreement in which the Runions agreed to sell the property to the Messers for a single cash payment of $27,000, if they were able to obtain a loan by November 4, 1997. Otherwise, the original agreement would become effective again on November 5, 1997.[2]

The Messers were successful in securing a loan from a mortgage company, and closing was scheduled for November 14, 1997. On that date, prior to the closing, the parties went to Bill's License Service in Madison, West Virginia, and signed a third agreement whereby the Messers agreed to allow the Runions to dig up fruit trees, shrubbery, flowers, and strawberries from the property. The Messers further agreed to allow the Runions to use a barn located on the property for storage.[3] Thereafter, the parties went to the Preferred Mortgage Company in South Charleston, West Virginia, and closed the transaction for the purchase of the property.

1. The handwritten contract, in its entirety, provided:

 I Jerry Wayne Runion and Isalene Ann Runion sold Dan Messer and Pamela Messer a house and 4.23 acres on land contract on August 1, 1997 they paid $600.00 down and payments will be $800.00 for 68 more months. Which will be $55,000.00 total.

 The document was signed by all four parties and was notarized.

2. This typed agreement stated in its entirety:

 I Jerry & Isalene Runion is willing to sell house & land to Dan & Pamela Messer for $27,000 if they can get a loan. This receipt is good until November 4, 1997. On November 5, 1997 the $800.00 will be due on $55,000.00

 land contract. This receipt is only good for loan company.

 This document was also signed by all four parties.

3. The document, in its entirety, provided:

 I Jerry & Isalene Runion are selling property on this 14th day of November 1997, to Dan & Pamela Messer but I Dan & Pamela Messer are giving Jerry & Isalene Runion rights to dig up fruit trees & shrubbery & flowers & strawberries & right to use barn for storage. No certain date to dig up trees or move things from barn.

 This agreement was also signed by all four parties and was notarized.

Subsequently, the Messers claimed the Runions had also agreed to give them a deed to a one-acre parcel of land adjoining the 4.23 acres they purchased on November 14, 1997, once the Runions had removed all of their personal property from both tracts. The Messers claimed that prior to closing, the Runions agreed that the $27,000 purchase price included payment for the one-acre tract. After the Runions repeatedly refused to provide the deed for the one-acre parcel, the Messers filed suit in the Circuit Court of Lincoln County seeking specific performance to compel the Runions to give them a deed to the one-acre tract. Following discovery, the Runions filed a motion for summary judgment. The circuit court granted the motion on May 15, 2000, finding that even if there was a contract between the parties for the sale of the one-acre tract of land, the contract was not in writing and therefore, not enforceable pursuant to the statute of frauds. This appeal followed.

## II.

 We begin our analysis of this case by setting forth our standard of review. As noted above, the circuit court granted summary judgment. Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is required when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In Syllabus Point 3 of *Aetna Casualty & Surety Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court held: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." This Court has also held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). With these standards in mind, we now consider the parties' arguments.

 The primary issue in this case is whether the circuit court erred in applying the statute of frauds. As we have noted in prior cases, the underlying purpose of the statute of frauds is "to prevent the fraudulent enforcement of unmade contracts." *Timberlake v. Heflin*, 180 W.Va. 644, 648, 379 S.E.2d 149, 153 (1989) (citation omitted). Accordingly, W.Va.Code § 36–1–3 (1923) provides that:

> No contract for the sale of land, or the lease thereof for more than one year, shall be enforceable unless the contract or some note or memorandum thereof be in writing and signed by the party to be charged thereby, or by his agent. But the consideration need not be set forth or expressed in the writing, and it may be proved by other evidence.

 The Messers contend that the circuit court erred by applying the statute of frauds because the parties signed written agreements concerning the sale of the property on August 1, 1997, October 20, 1997, and November 14, 1997. Essentially, the Messers claim that there were written contracts for the sale of the land, but the terms were ambiguous thereby creating genuine issues of material fact and precluding summary judgment. Alternatively, the Messers claim that the statute of frauds does not apply because partial performance of the contract has occurred given the fact that they paid the purchase price and took possession of the 4.23 acres of land. In response, the Runions claim that the record establishes that there was no written contract between the parties for the sale of a one-acre tract of land.

Upon examination of the written agreements between the parties in this case, we find no reference to a one-acre tract of land. The first document the parties signed on August 1, 1997, clearly concerned only the 4.23 acres of land and the house located on that property. Likewise, the second document, executed on October 20, 1997, was limited to the same property because it specifically referred to the first agreement the parties signed. Although the third agreement only referred to "the property being sold on November 14, 1997," a review of the documents signed on that date shows that only 4.23 acres of land and a house were sold at that time. In addition, the record contains an affidavit from Nicholas W. Johnson, Esquire, the settlement agent at the closing on

November 14, 1997. According to Mr. Johnson, neither party to the transaction informed him that they had orally agreed to convey an additional acre of property during the closing, nor was the one acre included in the purchase/sale that occurred on November 14, 1997. Thus, based upon all the evidence, we find no written agreement between the parties concerning the one-acre tract of land.

 Having determined that there was no written agreement regarding the one-acre tract of land, we must now consider whether the statute of frauds does in fact bar enforcement of the alleged oral contract between the parties. In Syllabus Point 3 of *Timberlake, supra,* this Court explained that,

> The statute of frauds, as applicable to contracts for the sale or lease of land, is a procedural bar to prevent enforcement of oral contracts unless the conditions expressed in W.Va.Code, 36–1–3, are met. The operation of the statute of frauds goes only to the remedy; it does not render the contract void.

As this statement suggests, there are some instances where equity demands that the statute of frauds not be imposed. One such instance is where part performance of a contract for the sale of real estate has occurred. In that circumstance, the contract may be enforced even though it is not in writing. Generally, the doctrine of part performance requires more than mere payment of the purchase price. *Holbrook v. Holbrook,* 196 W.Va. 720, 724, 474 S.E.2d 900, 904 (1996), *citing* Syllabus Point 4, *Gibson v. Stalnaker,* 87 W.Va. 710, 106 S.E. 243 (1921), 8B M.J. *Frauds, Statute of* § 36 (Michie 1994). This Court has recognized that payment along with possession of the property or improvements thereon by the vendee is necessary for the doctrine of part performance to be applied as an exception to the statute of frauds. *Id.*

As noted above, the Messers contend that part performance has occurred in this case because they paid the Runions $27,000 and took possession of the 4.23 acres of land. However, the 4.23 acres of land are not at issue in this case. This case only relates to the adjoining one-acre tract of land, and we find no evidence in the record that the Messers have either taken possession of that property or made improvements thereon. Moreover, there is no evidence to support the Messers' contention that the $27,000 purchase price included payment for the one-acre tract. Therefore, the doctrine of part performance is not applicable, and consequently, the alleged oral contract for the sale of the one-acre tract of land is not enforceable pursuant to the statute of frauds.

Having found that the statute of frauds applies in this case, we further find that no genuine issues of material fact exist to preclude summary judgment. Accordingly, the final order of the Circuit Court of Lincoln County entered on May 15, 2000, is affirmed.

Affirmed.