**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Robert Kelley and James Kelley,**
**Plaintiffs Below, Petitioners**

**vs.)  No. 19-1159** (Harrison County 16-C-436)

**Norma Kelley,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioners Robert Kelley and James Kelley, by counsel Thomas W. Kupec, appeal the November 22, 2019, order of the Circuit Court of Harrison County awarding Respondent Norma Kelley summary judgment on petitioners' claim that respondent breached an oral contract to sell real property to petitioners. Respondent, by counsel David E. Goddard, filed a response in support of the circuit court's order. Petitioners filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners are brothers. Respondent is their deceased grandfather's widow; accordingly, respondent is petitioners' step-grandmother. Petitioners inquired of respondent as to whether she would be willing to sell them real property adjacent to their real property in Harrison County. Petitioners state that the parties reached an oral contract for respondent to sell them the subject property for $25,000. Petitioners further state that the parties agreed that petitioners would pay the closing costs and the attorney's fees related to the purchase. In contrast, respondent's position is that she did not agree to sell petitioners the subject real property and would not agree to the transaction until after her daughter recovered from surgery.

1

Once petitioners believed that they had an oral contract with respondent for their purchase of the subject real property, petitioners contacted an attorney within the same law firm as respondent's personal attorney to draft the deed and the closing documents, which the attorney completed. Petitioners' retention of an attorney within respondent's personal attorney's firm caused respondent to become suspicious of petitioners' intentions as respondent believed that she could not discuss the proposed sale with her personal attorney given that both attorneys belonged to the same firm. Respondent acknowledges that she retrieved the prospective deed and closing documents and requested a modification to the deed from the attorney who prepared it. However, while the closing was scheduled twice, respondent did not appear at either closing and did not complete any transaction to sell the subject property to petitioners.

Instead, respondent sold the subject property for $25,000 to William Kelley, petitioners' cousin who is another grandson of respondent's deceased husband. Consequently, petitioners filed a civil action in the Circuit Court of Harrison County. In petitioners' original complaint, filed on November 28, 2016, petitioners alleged that respondent breached their oral contract to sell the subject real property to petitioners. On December 8, 2016, respondent filed an answer, which denied the existence of an oral contract between petitioners and respondent. On May 17, 2017, petitioners filed a motion to file an amended complaint, which the circuit court granted. In petitioners' amended complaint, filed on June 19, 2017, petitioners named William Kelley and his brother, Michael Kelley, as additional defendants, alleging that the Kelley brothers tortiously interfered with petitioners' contract to purchase the subject property from respondent.[1] In the amended complaint, petitioners sought the specific performance of the contract and monetary damages. William Kelley and Michael Kelley filed their answer on August 18, 2017.

Thereafter, petitioners, respondent, William Kelley, and Michael Kelley were all deposed, and a jury trial was set for February 11, 2019. However, on February 11, 2019, instead of a jury trial, the circuit court held a status hearing as the parties informed the court that they had reached a settlement agreement "in principle." Pursuant to this proposed settlement agreement, respondent would sell another "adjoin[ing]" tract of real property to petitioners for $2,500. The real property to be sold pursuant to the settlement agreement would be appraised, and William Kelley would pay respondent the difference between the $2,500 purchase price paid by petitioners and the property's appraised value. The proposed settlement agreement would have resolved "all issues" between the parties. However, while petitioners, William Kelley, and Michael Kelley fully agreed to the proposed settlement, respondent did not. Respondent would only agree "in principle," stating that she needed to physically see what other tract of real property she was agreeing to sell to petitioners before proceeding further. Accordingly, the circuit court directed "counsel and parties to go out to the property" on February 11, 2019,

---

[1]Michael Kelley is petitioners' cousin and another grandson of respondent's deceased husband. At respondent's deposition, she testified that she was concerned about a right of way involving the subject property, although she did not describe the right of way's scope or nature. Respondent further testified that she discussed the right of way with Michael Kelley and then with William Kelley. Thereafter, respondent sold the subject property to William Kelley rather than petitioners.

"determine whether . . . there are any issues regarding where [respondent] truly believes the property lies," and report back to the court.

Also, on February 11, 2019, respondent filed a motion for summary judgment, arguing that the circuit court should award her summary judgment on the breach of oral contract claim asserted against her due to the statute of frauds. She further argued that William Kelley and Michael Kelley were entitled to summary judgment because the tortious inference claim against them "depend[ed] upon . . . some underlying contractual relationship" between petitioners and respondent, which petitioners could not show due to the application of the statute of frauds. The circuit court did not address respondent's summary judgment motion at the February 11, 2019, hearing. By order entered on February 12, 2019, the circuit court found that the attorney representing William Kelley and Michael Kelley could not continue to represent respondent "because of the appearance of a conflict of interest." The circuit court further made a specific finding that respondent "was hesitant to proceed in finalizing the proposed settlement agreement."[2] Accordingly, the circuit court continued the trial until September 16, 2019.

Respondent's current counsel did not file an appearance in the underlying case until September 3, 2019. Thereafter, on September 16, 2019, the circuit court held a pretrial conference and a hearing on respondent's February 11, 2019, motion for summary judgment. At the September 16, 2019, hearing, the circuit court once again continued the trial and directed petitioners to file a response to respondent's motion for summary judgment on or before September 25, 2019. Petitioners filed a response to the summary judgment motion on September 24, 2019.

---

[2]The circuit court's specific finding that respondent "was hesitant to proceed in finalizing the proposed settlement agreement" is of particular import as, on appeal, petitioners argue that this Court should find that respondent is bound to the settlement that was agreed to "in principle" at the February 11, 2019, hearing. However, based upon our review of the February 11, 2019, hearing transcript, we find that respondent did not fully accept the settlement agreement, stating that she needed to physically see what other tract of real property she was agreeing to sell to petitioners before proceeding.

Petitioners further complain that the circuit court failed to rule on their August 20, 2019, motion to enforce the settlement agreement. In its November 22, 2019, order, the circuit court noted that petitioners "attempted to compel" the enforcement of the settlement agreement, but did not otherwise rule on petitioners' August 20, 2019, motion. However, the circuit court may have been operating under a belief that the settlement agreement was never finalized by the parties given the court's particular finding regarding respondent's hesitance to proceed in finalizing the settlement agreement without obtaining more information regarding the property at issue. Nevertheless, we find that the circuit court did not abuse its discretion in ruling that there was no finalized settlement agreement to be enforced. *See Burdette v. Burdette Realty Improvement, Inc.*, 214 W. Va. 448, 452, 590 S.E.2d 641, 645 (2003) (finding that a circuit court ruling as to whether to enforce a settlement agreement is reviewed for an abuse of discretion).

3

By order entered on November 22, 2019, the circuit court granted, in part, and denied, in part, respondent's motion for summary judgment. The circuit court awarded summary judgment to respondent on petitioners' breach of oral contract claim, rejecting petitioners' argument that respondent's deposition testimony constituted a writing sufficient to satisfy the statute of frauds and establish that there was a contract for respondent to sell the subject real property to petitioners for $25,000. However, the circuit court denied the motion with regard to the tortious inference claim asserted against William Kelley and Michael Kelley, finding that a genuine issue of material fact existed because petitioners needed to show only that the Kelley brothers tortiously interfered with petitioners' expectancy of owning the subject real property ultimately sold to William Kelley.[3]

Petitioners now appeal the circuit court's November 22, 2019, order awarding respondent summary judgment on petitioners' claim that respondent breached an oral contract to sell the subject real property to petitioners. We note that the November 22, 2019, order is not a final appealable order as to petitioners' entire civil action because the circuit court declined to award summary judgment to William Kelley and Michael Kelley on petitioners' tortious inference claim. In Syllabus Point 2 of *Durm v. Heck's Inc.*, 184 W. Va. 562, 401 S.E.2d 908 (1991), we held that:

> [w]here an order granting summary judgment to a party completely disposes of any issues of liability as to that party, the absence of language prescribed by Rule 54(b) of the West Virginia Rules of Civil Procedure indicating that "no just reason for delay" exists and "directi[ng] . . . entry of judgment" will not render the order interlocutory and bar appeal provided that this Court can determine from the order that the trial court's ruling approximates a final order in its nature and effect.

Here, we find that the circuit court's November 22, 2019, order approximates a final order in its nature and effect because it "completely dispose[s] of at least one substantive claim," i.e., petitioner's claim that respondent breached an oral contract to sell them the subject real property. *Province v. Province*, 196 W. Va. 473, 479 n.12, 473 S.E.2d 894, 900 n.12 (1996).

On appeal, petitioners initially raise a procedural issue, arguing that respondent's motion for summary judgment was untimely filed on the original trial date of February 11, 2019. Respondent counters that we should decline to review this issue because it is not adequately supported by proper argument or citation to the record. We agree with respondent.

---

[3]In Syllabus Point 2 of *Torbett v. Wheeling Dollar Savings & Trust Company*, 173 W. Va. 210, 314 S.E.2d 166 (1983), this Court held that "[t]o establish prima facie proof of tortious interference, a plaintiff must show: (1) existence of a contractual or business relationship or *expectancy*; (2) an intentional act of interference by a party outside that relationship or *expectancy*; (3) proof that the interference caused the harm sustained; and (4) damages." (emphasis added).

4

Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that petitioners' "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). "'One of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result' in the imposition of a procedural bar to an appeal of that issue." *State v. Miller*, 194 W. Va. 3, 17, 459 S.E.2d 114, 128 (1995) (citation omitted); *see State v. J.S.*, 233 W. Va. 198, 207, 757 S.E.2d 622, 631 (2014) (finding that "[t]he failure to timely raise the issue below has resulted in waiver of the matter in this appeal"). Finally, in *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we found that we must "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim."

Here, the circuit court considered respondent's motion for summary judgment at the September 16, 2019, hearing, during which the court gave petitioners until September 25, 2019, to file a response to the motion. In petitioners' response to the summary judgment motion, they failed to argue that the motion was untimely filed. The appellate record does not include a transcript of the September 16, 2019, hearing; therefore, this Court is unable to determine whether petitioners made an objection to the circuit court's consideration of the motion at the hearing. Accordingly, pursuant to Rule 10(c)(7), we decline to consider petitioners' argument that the motion for summary judgment was untimely filed due to an inadequate appellate record.

We now proceed to consideration of petitioners' substantive argument that the circuit court erred in awarding respondent summary judgment on their claim that respondent breached an oral contract to sell the subject real property to petitioners. Rule 56(c) of the Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In Syllabus Point 4 of *Painter*, we held, in pertinent part, that "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party[.]" 192 W. Va. at 190, 451 S.E.2d at 756.

Here, it is undisputed that, if petitioners had a contract to purchase the subject real property from respondent, it was an oral contract—not a written contract. As respondent notes, Petitioner James Kelley answered "no" at his deposition when asked whether the contract was "reduced to writing." The statute of frauds, West Virginia Code § 36-1-3, provides as follows:

> *No contract for the sale of land*, or the lease thereof for more than one year, *shall be enforceable unless the contract or some note or memorandum thereof be in writing and signed by the party to be charged thereby*, or by his agent. But the consideration need not be set forth or expressed in the writing, and it may be proved by other evidence.

5

(emphasis added). In Syllabus Point 2 of *Timberlake v. Heflin*, 180 W. Va. 644, 379 S.E.2d 149 (1989), we held that "[a] pleading in a civil case may satisfy the requirement of a memorandum under [West Virginia Code §] 36-1-3."

In contrast with Syllabus Point 2 of *Timberlake*, petitioners rely upon this Court's statement in *Timberlake* that *other jurisdictions* had held that parol admissions at depositions may satisfy the memorandum requirement of the statute of frauds. *Id.* at 648, 379 S.E.2d at 153. Respondent counters that, at no time during her deposition did she admit that a contract existed for her to sell the subject real property to petitioners, maintaining that she was never going to agree to a sale prior to her daughter's surgery, which was her immediate concern. We find that the parties' dispute over whether respondent made any admissions at her deposition is not material to this issue because the circuit court properly followed Syllabus Point 2 of *Timberlake*. Therefore, we find that the circuit court properly rejected petitioners' argument that respondent's deposition testimony constituted a writing sufficient to satisfy the statute of frauds.

Petitioners further argue that respondent cannot rely on the statute of frauds to bar their claim against her because they partially performed the oral contract of sale they assert existed between the parties. In Syllabus Point 4 of *Holbrook v. Holbrook*, 196 W. Va. 720, 474 S.E.2d 900 (1996), we held that

> "[w]hen there has been a part performance of a contract for the sale of land by the purchaser being put into possession of the property, and payment of the purchase money, or a part thereof, and an offer to pay the residue according to contract, and valuable improvements have been [made] on the land by the purchaser on faith of the contract, the [s]tatute of frauds cannot be successfully pleaded in bar to the performance in a Court of Equity." Syl. pt. 1, *Lowry v. Buffington*, 6 W.Va. 249 (1873).

Here, we find that petitioners obfuscate the facts pertinent to the issue of partial performance. Petitioners argue that, because the subject property ultimately sold to William Kelley was adjacent to the real property already owned by them, the subject real property fell "under their protection." However, petitioners do not allege—and nothing in the record suggests—that petitioners were ever in possession of the subject property. With regard to the $25,000 purchase money, petitioners argue that they tendered the $25,000 to "respondent's attorney." Yet, it is unclear if petitioners mean respondent's personal attorney or the attorney petitioners hired to draft the deed and the closing documents, who was a member of the same firm as respondent's personal attorney. While it is undisputed that the closing was scheduled twice, it is further undisputed that respondent never appeared at either closing to receive the $25,000. Therefore, based on our review of the record, pursuant to Syllabus Point 4 of *Holbrook,* we find that there was no partial performance of the alleged oral contract by petitioners as to render the application of the statute of frauds in this case inequitable. Accordingly, we conclude that the circuit court did not err in granting respondent's motion for summary judgment as to petitioners' claim that respondent breached an oral contract to sell petitioners the subject real property.

For the foregoing reasons, we affirm the circuit court's November 22, 2019, order awarding respondent summary judgment on petitioners' claim that respondent breached an oral contract to sell the subject real property to petitioners.

Affirmed.

**ISSUED:** June 22, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton