# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**March 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BETH A. REDDEN f/k/a**
**BETH HUGHES ROSS,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-198**   (Cir. Ct. Raleigh Cnty. Case No. CC-41-2023-C-54)

**COMMUNITY HEALTH SYSTEMS, INC. d/b/a**
**ACCESSHEALTH, and**
**RALEIGH GENERAL HOSPITAL, LLC,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Beth A. Redden appeals the Raleigh County Circuit Court's April 2, 2024, order which dismissed Ms. Redden's amended complaint. Respondents Community Health Systems, Inc. ("AccessHealth") and Raleigh General Hospital, Inc. ("Raleigh General") timely filed separate responses in support of the circuit court's order. Ms. Redden did not file a reply.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's order but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the circuit court's order is affirmed, in part, reversed, in part, and remanded.

On February 25, 2023, Ms. Redden filed the underlying civil action in the Circuit Court of Raleigh County. AccessHealth subsequently removed the case to the United States District Court for the Southern District of West Virginia. While the case was pending in the district court, Ms. Redden filed an amended complaint. After Ms. Redden filed her amended complaint, the district court remanded the case to the state circuit court.

---

[1] Ms. Redden is represented by James D. McQueen, Jr., Esq. AccessHealth is represented by Arie M. Spitz, Esq., and Clayton T. Harkins, Esq. Raleigh General is represented by Constance H. Weber, Esq.

As alleged in the amended complaint, Ms. Redden was employed as a nurse midwife by AccessHealth at Raleigh General. On April 16, 2021, Ms. Redden was assigned to Patient X, who was pregnant, for treatment. Eventually, Patient X's unborn child died while in the care of Ms. Redden at Raleigh General. The attending physician admitted Patient X with plans to deliver the demised fetus at Raleigh General. However, the complaint alleges that the nursing staff failed to notify Ms. Redden that Patient X would remain in-house and Ms. Redden would be responsible for her care. As a result, Ms. Redden missed the delivery of the stillborn fetus.

The complaint goes on to allege that on April 29, 2021, Ms. Redden was told by a senior nurse midwife that she needed to find another job. She was later informed by the same person that her privileges at Raleigh General were being terminated and therefore she was unable to perform her contractual duties to AccessHealth. She was also informed that a peer review process had been undertaken and the results were not in her favor.

Ms. Redden's amended complaint asserted the following counts: Count I - breach of contract against AccessHealth for the breach of the implied covenant of good faith and fair dealing for, among other things, firing her without an interview or telling her how she violated the standard of care in her treatment of Patient X; Count II - constitutional tort against Raleigh General and AccessHealth for firing her without due process of law; Count III - tortious interference against Raleigh General for interfering in her employment contract with AccessHealth by allegedly falsely stating it was going to deny her privileges at Raleigh General thereby preventing her from fulfilling her contractual obligations to AccessHealth; and Count IV - civil conspiracy against Raleigh General and AccessHealth for acting in concert to improperly terminate her.

Both Respondents moved to dismiss and after briefing and a hearing, the circuit court dismissed the amended complaint. At the hearing, in response to the arguments for dismissal of Counts I and II, counsel for Ms. Redden stated,

> Your Honor, I'm not going to stand up here and argue to the Court about Counts 1 and 2. . . I recognize that the breach of contract on an implied covenant of good faith and fair dealing is not a stand alone cause of action and I also recognize that its been declared that the constitution only applies to claims against the state . . . So what I want to talk about, and what I think survives the motion to dismiss, two counts, . . . the tortious interference claim, Count 3, and, Count 4, the civil conspiracy claim.

Following the hearing, the circuit court entered the order on appeal. Specifically, the circuit court found that in regard to Counts I and II for breach of contract and constitutional tort, counsel for Ms. Redden admitted at the hearing that he knew the law was not on his side but drafted the complaint based on what he believed the law should be, and therefore the complaint failed to state a claim in regard to Counts I and II.

2

In regard to Count III for tortious interference, the circuit court concluded that the claim must fail because "[a]lthough the manner in which Raleigh General drew their conclusion that suspension of Plaintiff's midwife privileges was appropriate could be questioned, *the Plaintiff has not shown even a scintilla of evidence* to suggest that they did so for the purpose of intentionally interfering with her employment[.]" (emphasis added). In regard to Count IV, having disposed of the remaining claims, the circuit court concluded that the civil conspiracy cannot go forward as there is no underlying tort to predicate it on. It is from this order that Ms. Redden appeals.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). "A court reviewing the sufficiency of a complaint should view the motion to dismiss with disfavor, should presume all of the plaintiff's factual allegations are true, and should construe those facts, and inferences arising from those facts, in the light most favorable to the plaintiff." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 520, 854 S.E.2d 870, 882 (2020) (citing *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 538, 236 S.E.2d 207, 212 (1977)).

On appeal, Ms. Redden generally asserts that the circuit court erred by failing to follow proper procedures when evaluating the Respondents' motions to dismiss.[2] We agree, at least in part. Here, as mentioned previously, the circuit court concluded that Ms. Redden failed to put forth "even a scintilla of evidence" in order to defeat the motions to dismiss in regard to Count III. However, Ms. Redden is not required to establish a prima facie case at the pleading stage. *Mountaineer Fire*, 244 W. Va. at 525, 854 S.E.2d at 887. A circuit court should not dismiss a complaint merely because it doubts that the plaintiff

---

[2] The Court notes that evaluation of this matter was made more challenging by the shortcomings of Ms. Redden's brief and its failure to comply with the Rules of Appellate Procedure. Ms. Redden's brief opens with a list of three assignments of error but does not address the assignments of error in any organized manner. Ms. Redden's brief does not contain an argument section. Instead, it includes an eleven-page summary of argument section, which does not "contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error." W. Va. R.A.P. 10(c)(7). Ms. Redden's brief also does not include a conclusion section "specifying the relief the party seeks." W. Va. R.A.P. 10(c)(8). Further, Ms. Redden's brief appears to be pieced together in a haphazard manner by cutting and pasting memoranda previously submitted to the circuit court. We remind counsel that, "[l]awyers who fail to follow our appellate rules inevitably generate a disjointed, poorly written, or difficult to understand brief, and they should not anticipate that this Court will find or make their arguments for them." *Metro Tristate, Inc. v. Pub. Serv. Comm'n of W. Va.*, 245 W. Va. 495, 502, 859 S.E.2d 438, 445 (2021).

will prevail in an action. *Holbrook v. Holbrook*, 196 W. Va. 720, 725, 474 S.E.2d 900, 905 (1996) (per curiam).

To survive a motion to dismiss for failure to state a claim, the complaint must set forth enough information to outline the elements of a claim or permit inferences to be drawn that these elements exist. *Mountaineer Fire*, 244 W. Va. at 521, 854 S.E.2d at 883 (citation omitted). As correctly cited by the circuit court, the elements of tortious interference in West Virginia are: (1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages. *Hatfield v. Health Mgmt. Assocs. of W. Va.*, 223 W. Va. 259, 267, 672 S.E.2d 395, 403 (2008). Ms. Redden's amended complaint specifically alleges that she had a contractual relationship with AccessHealth that was intentionally and tortiously interfered with by Raleigh General and that she was damaged thereby. Ms. Redden's amended complaint sets forth enough information to outline the elements of a claim for tortious interference, or to permit inferences to be drawn that the elements exist. Accordingly, since the circuit court erred by applying the wrong standard at the motion to dismiss stage by requiring Ms. Redden to put forth evidence and because Ms. Redden's amended complaint sets forth enough information to outline the elements of a claim for tortious interference, or to permit inferences to be drawn that the elements exist, the circuit court's conclusion in regard to Count III is reversed.[3]

In regard to Count IV for civil conspiracy, "civil conspiracy is not a *per se,* stand-alone cause of action; it is instead a legal doctrine under which liability for a tort may be imposed on people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s)." Syl. Pt. 9, *Dunn v. Rockwell,* 225 W. Va. 43, 689 S.E.2d 255 (2009). Here, Ms. Redden's complaint specifically alleges that her civil conspiracy claim is predicated on Count III as the underlying tort. Having already determined that the circuit court's conclusion in regard to Count III should be reversed, this Court likewise reverses the circuit court as to its ruling on Count IV.

As to Counts I and II, as found by the circuit court, Ms. Redden failed to argue against dismissal of these counts below. On appeal, Ms. Redden has waived these causes of action as she has failed to specifically allege error by the circuit court in this regard. *See Noland v. Virginia Ins. Reciprocal,* 224 W. Va. 372, 378, 686 S.E.2d 23, 29 (2009) ("Issues not raised on appeal or merely mentioned in passing are deemed waived.") (citing *Tiernan*

---

[3] While this Court reverses the circuit court's conclusion as to Count III due to, at least in part, application of the wrong standard at the motion to dismiss stage, this Court in no way precludes the circuit court from reaching the same conclusion at the summary judgment stage, should it be appropriate at that time.

*v. Charleston Area Med. Ctr., Inc.,* 203 W. Va. 135, 140 n.10, 506 S.E.2d 578, 583 n.10 (1998)). Accordingly, we affirm the circuit court in regard to Counts I and II.

Therefore, we affirm, in part, and reverse, in part, the circuit court's April 2, 2024, order. This matter is remanded for further proceedings consistent with this decision.

Affirmed, in part, Reversed, in part, and Remanded.

**ISSUED:** March 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White